UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ASIEBA THOMAS

      v.                             Case No.: 8:16-cv-1050-JDW-SPF
                                           8:11-cr-561-JDW-MAP

UNITED STATES OF AMERICA
_____/

## REPORT AND RECOMMENDATION

Before the Court is petitioner Asieba Thomas' Second Amended Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 ("Motion") (Doc. 42).  For the reasons that follow, it is recommended that Thomas' Motion be denied without an evidentiary hearing.

## BACKGROUND

On October 27, 2011, a grand jury in the Middle District of Florida charged Asieba Thomas with (1) use of a facility of interstate commerce with the intent to commit murder as consideration for the payment of things of pecuniary value, a violation of 18 U.S.C. § 1958; (2) possession and attempted possession of 500 grams or more of cocaine, a violation of 21 U.S.C. §§ 841(a)(1) and 846 and sentenced pursuant to 21 U.S.C. § 841(b)(1)(B); (3) being a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g)(1) and sentenced pursuant to 18 U.S.C. § 924(e); and (4) possessing a firearm in furtherance of the violation of 18 U.S.C. § 1958 and the violation of 21 U.S.C. § 841(a)(1), a violation of 18 U.S.C. § 924(c).  (8:11-cr-561, Doc. 1).  All counts were enhanced for committing the offense while on pretrial release, pursuant to 18 U.S.C. § 3147.  Thomas proceeded to jury trial on July 9, 2012.  (8:11-cr-561, Doc. 87).  A jury returned a verdict of guilty on all counts of the indictment on July 12, 2012.

(8:11-cr-561, Doc. 99).  On October 9, 2012, the Court sentenced Thomas to a total term of 360 months imprisonment. (8:11-cr-561, Doc. 115).  Thomas directly appealed his final judgment to the United States Court of Appeals for the Eleventh Circuit, Appeal No. 12-15455-F.  On appeal, Thomas argued that the district court erred by (1) admitting and publishing to the jury transcripts of recordings between Thomas and a cooperating witness; (2) denying his motion for judgment of acquittal on all four counts, based on the government's failure to establish a prima facie case; and (3) imposing an imprisonment sentence that was both procedurally and substantively unreasonable.  *United States v. Thomas*, 553 F. App'x 941, 942-43 (11th Cir. 2014).  On February 3, 2014, the Eleventh Circuit affirmed Thomas' conviction.  *Id.*  Thomas petitioned the Supreme Court to issue a writ of certiorari and, on May 4, 2015, the Supreme Court denied the petition. *Thomas v. United States*, 135 S. Ct. 2069 (2015).

Thomas now seeks relief under 28 U.S.C. § 2255.  Thomas filed, amended, and supplemented his § 2255 Motion, raising twelve grounds for relief (Doc. 42).[1]  The United States responded in opposition to the Motion (Doc. 46).  Thomas replied in response to the United States' opposition (Doc. 50).  Thomas supplemented certain arguments (Docs. 53, 54).

## DISCUSSION

"Section 2255 does not provide a remedy for every alleged error in conviction and sentencing."  *Spencer v. United States*, 773 F.3d 1132, 1138 (11th Cir. 2014). Collateral review does not replace direct appeal, and therefore the grounds for collateral attack on final

---

[1]  This Court ordered Thomas to consolidate his piecemeal amendments into a single amended motion that must include all grounds for relief.  *See* Order, Doc. 41.  Thomas complied with this Order.  *See* Doc. 42.

judgments under § 2255 are limited.  A prisoner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack.  *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011).  "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).

A district court need not reconsider issues raised in a § 2255 motion that were raised on direct appeal.  *Stoufflet v. United States*, 757 F.3d 1236, 1239 (11th Cir. 2014).  Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under § 2255.  *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000) (quotation omitted).

Because a motion to vacate under § 2255 is not a substitute for direct appeal, issues that could have been raised on direct appeal are forfeited and, consequently, procedurally defaulted.  *Lynn*, 365 F.3d at 1234-35.  Without a showing that the ground of error was unavailable on direct appeal, a court may not consider it in a § 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error.  *Id.* at 1234.  To show cause to overcome a procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct."  *Id.* at 1235.

**A. Ineffective Assistance of Counsel (Grounds One, Two, Three, Seven & Nine)**

Ineffective assistance of counsel claims generally are not cognizable on direct appeal and are properly raised by a § 2255 motion even if they could have been brought on direct appeal. *Massaro v. United States*, 538 U.S. 500, 503 (2003). To prevail on a constitutional claim of ineffective assistance of counsel, a petitioner must show both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). In applying *Strickland*, the court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either prong. *See Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000) ("[T]he court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa."). A petitioner carries a heavy burden, as reviewing courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, that a petitioner must overcome the presumption that, under the circumstances, the challenged action might be considered a sound trial strategy." *Strickland*, at 689 (citation and internal quotation marks omitted). To establish deficient performance, a petitioner must show that no competent counsel would have taken the action that his counsel took. *See Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000).

In determining whether counsel's conduct was deficient, the court must consider "whether counsel's assistance was reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688. "[T]he fact that a particular defense ultimately proved to be unsuccessful [does not] demonstrate ineffectiveness." *Chandler*, 218 F.3d at 1314. To establish prejudice, defendant must show that, but for counsel's deficient performance, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694. A defendant must establish

"that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687.  Or in alleged sentencing errors, a defendant must show there is a reasonable probability that, but for counsel's errors, the result would have been less harsh because of a reduction in the defendant's offense level.  *Glover v. United States*, 531 U.S. 198, 203 (2001). This is a heavier burden than establishing plain error on appeal.  *United States v. Frady*, 456 U.S. 152, 164 (1982).

Counsel's performance is not constitutionally deficient for failing to preserve or argue a meritless claim.  *Denson v. United States*, 804 F.3d 1339, 1342 (11th Cir. 2015), *cert. denied*, 136 S. Ct. 1214 (2016).  This is true no matter if the issue is a trial or sentencing issue.  *See Sneed v. Florida Dep't of Corrections*, 496 F. App'x 20, 27 (11th Cir. 2012) (holding that the failure to preserve meritless *Batson* claim is not ineffective assistance of counsel); *Lattimore v. United States*, 345 F. App'x 506, 508 (11th Cir. 2009) (holding that counsel not ineffective for failing to make a meritless objection to an enhancement).

Thomas raises five grounds for relief pertaining to alleged ineffective assistance of his trial counsel in this § 2255 proceeding.  As set forth below, for each of the five grounds for relief arising from allegations that his counsel was ineffective, Thomas cannot meet his burden under *Strickland*.

### 1. Failure to object to constructive amendment and jury instruction (Grounds One & Seven)

In Grounds One and Seven, Thomas claims his counsel provided ineffective assistance by failing to object to the jury instruction for Count One—murder-for-hire in violation of 18 U.S.C. § 1958.  In Ground One, Thomas complains that a "constructive amendment of the indictment occurred when the essential elements here were altered to broaden the possible bases for conviction." (Doc. 42-1, p. 3).  Relatedly, in Ground Seven, Thomas maintains that

his counsel was ineffective for failing to object to the jury instruction on 18 U.S.C. § 1958 (Doc 46, p.30; Doc. 50, p.18).   The gist of Thomas' arguments is that the jury instruction for 18 U.S.C. § 1958 was broader than that charged in the indictment.   Section 1958 makes it a federal crime to use an interstate or foreign commerce facility with the intent that a murder-for-hire be committed.   An essential element of the crime is that the defendant acted with intent that a murder be committed in violation of the laws of any State or the United States. Count One charges the Defendant with using and causing to be used a facility of interstate and foreign commerce with the intent that the murder of P.S. be committed in violation of the laws of the State of Florida.   In response, the United States indicates this issue is procedurally barred as Thomas failed to raise it on direct appeal, and further asserts the claim fails on the merits. (Doc. 46, pp. 10-12).

A constructive amendment "occurs when the essential elements of the offense contained in the indictment are altered to broaden the possible bases for conviction beyond what is contained in the indictment." *United States v. Keller*, 916 F.2d 628, 634 (11th Cir. 1990) (citing *United States v. Miller*, 471 U.S. 130 (1985)).   Analyzing an allegation that a constructive amendment of the indictment occurred requires considering the jury instructions as a whole. *Id.* at 637 ("[O]ther portions of the jury instructions lend support to the conclusion that the instructions, considered as a whole, were not incorrect.").   Thomas must show that the jury instructions "so modif[ied] the elements of the offense charged that [he] may have been convicted on a ground not alleged by the indictment." *United States v. Poarch*, 878 F.2d 1355, 1358 (11th Cir. 1989) (citing *United States v. Lignarolo*, 770 F. 2d 971, 981 n.15 (11th Cir. 1985), *cert. denied*, 476 U.S. 1105 (1986)).

At trial, the district judge properly instructed the jury as to the elements of section 1958, stating:

> As to Count [One], Title 18, United States Code, Section 1958, makes it a federal crime to use an interstate or foreign commerce facility with the intent that a murder-for-hire be committed.  What the evidence in the case must show beyond a reasonable doubt is:
>
> > First:     That the defendant used, or caused another to use, the mail or any facility of interstate or foreign commerce,
> >
> > Second:   The use was with the intent that a murder be committed in violation of the laws of any State or the United States; and
> >
> > Third:     That the murder was to be committed as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value.

(Jury Instructions, 8:11-cr-561, Doc. 103, p.16).  While section 1958 is broader than what he was charged with in the indictment, the Court instructed the jury as to the specific charge in Count One, stating:

> Count One charges the Defendant with using and causing to be used a facility of interstate and foreign commerce with the intent that the murder of P.S. be committed in violation of the laws of the State of Florida, as consideration for the receipt of, and as consideration for a promise and agreement to pay things of pecuniary value, to wit: three quarters of a kilogram of cocaine, a gun, and after the murder was completed, $20,000 in United States currency.

(*Id.* at p.12).  Importantly, the Court further instructed the jury that the "Defendant is on trial only for those specific offenses alleged in the indictment."  (*Id*. at p.13).

Reviewing these jury instructions as a whole, it is clear that the instructions did not "so modif[y] the elements of the offense charged" such that Thomas "may have been convicted on a ground not alleged by the indictment." *See Poarch*, 878 F.2d at 1358.  "A district court is vested with broad discretion in formulating [the] charge to the jury so long as it accurately reflects the law and the facts."  *United States v. Silverman*, 745 F.2d 1386, 1395 (11th

Cir. 1984).  Here, the jury instructions were both an accurate statement of the law and the charge in Count One of the indictment.  As a result, Thomas is not entitled to relief based on his constructive amendment theory or the failure to object to the section 1958 instruction.

Additionally, Thomas complains that the jury instruction advised that "[m]urder in violation of Florida Statute section 782.04 is a crime under the laws of the State of Florida," but the jury was not given an instruction of Florida Statutes § 782.04.  Thomas claims that had the jury been given the instruction, the jury could not have found beyond a reasonable doubt that he satisfied the lengthy set of elements needed to prove he committed murder (Doc. 50, p.19).

"The district court has discretion in the wording and style of the jury instructions, so long as the instructions accurately reflect the law."  *United States v. Williams*, 527 F.3d 1235, 1246 (11th Cir. 2008) (citing *United States v. Starke*, 62 F.3d 1374, 1380 (11th Cir. 1995)).  To this end, as the United States indicates, the Court's instruction as to Count One (set forth above) properly tracked the elements of 18 U.S.C. § 1958 and the indictment and advised the jury that "[m]urder in violation of Florida Statute Section 782.04 is a crime under the laws of the State of Florida." (Doc. 46, p.30;   8:11-cr-561, Doc. 103, p.16).  Secondly, despite Thomas' contrary assertion, a finding that the petitioner committed murder under Florida Statutes § 782.04 is not required by 18 U.S.C. § 1958.  Instead, what is required is "an intent that a murder be committed."  *See* 18 U.S.C. § 1958. The Eleventh Circuit confirms this reading of 18 U.S.C. § 1958, stating:

> This statute is relatively straightforward, both in what it prohibits and in what it does not reach. It does not prohibit murder or attempted murder. Instead, it outlaws using interstate-commerce facilities with the intent that murder-for-hire be committed. Once the interstate-commerce facility is used with the required intent the crime is complete. One who travels or causes another to travel in interstate commerce with the necessary murderous intent need not do anything else to violate the statute.

*United States v. Preacher*, 631 F.3d 1201, 1203 (11th Cir. 2011) (quoting *United States v. Delpit*, 94 F.3d 1134, 1149-50 (8th Cir. 1996)). Section 782.04(1)(a)(1), in relevant part, states that murder is "[t]he unlawful killing of a human being . . .when perpetrated from a premeditated design to effect the death of the person killed or any human being." Thomas has not shown a reasonable probability that had the jury instruction included a definition for murder under Florida Statutes § 782.04, the jury would have found that he did not intend for a murder to be committed. Accordingly, Grounds One and Seven fail.

**2.   Failure to present certain defenses (Grounds Two & Nine)**

In Grounds Two and Nine, Thomas contends his counsel was ineffective for failing to assert that he did not attempt to possess cocaine with the intent to distribute it. In Ground Two, Thomas asserts defense counsel was ineffective for failing to request a mere inspection jury instruction. In Ground Nine, Thomas asserts his counsel was ineffective for failing to assert an exculpatory defense, both at trial and on direct appeal, that he did not attempt to possess cocaine with intent to distribute. According to Thomas:

> Counsel was viscerally ineffective for failure to assert a defense that was exculpatory to petitioner, because by law petitioner did not attempt to possess with intent to distribute cocaine, because even though petitioner "inspected" the cocaine he refused, and relinquished it, hence not consummating any attempt, or proceeding pass "mere preparation" in commission of attempting to distribute (i.e. take sole ownership of the cocaine, to even begin to attempt to distribute any cocaine). No outside intervention affected, petitioners [sic] decision to refuse the cocaine, in otherwords [sic], in the normal course of action, or dealings a crime would not have been the result, with or without any extraneous interruption.

(Doc. 42-1, p. 28).

Per Thomas, he never had actual possession of the gun or drugs. Rather, he merely inspected the package containing the cocaine and gun and left the package in the confidential informant's car (Doc. 42-1, pp. 7-8). On direct appeal, however, the Eleventh Circuit

concluded that "the evidence demonstrates [Thomas] constructively possessed the contraband." Eleventh Cir. Docket No. 12-15455 (Feb. 3, 2014) (8:11-cr-561-JDW-SPF, Doc. 129). The Eleventh Circuit reasoned:

> When Thomas took the bag from Barr, he looked inside it and then placed the bag between his feet on the floor of the car. Thereby, he maintained dominion and control over the drugs and gun. *Beckles*, 565 F.3d at 841; *Faust*, 456 F.3d at 1345. He did not give them back to Barr, nor did he place them out of his reach, such as in the backseat. Moreover, after he placed them at his feet, he instructed Barr to "peel from up here." Viewing the evidence in the light most favorable to the government, a reasonable jury could have found that Thomas possessed the drugs and gun, despite Thomas's statement: "I ain't want that."

(*Id.*). [2]

A § 2255 motion to vacate does not provide Thomas with an opportunity to relitigate matters decided on direct appeal. *Nyhuis*, 211 F.3d at 1343. A district court's determination of whether a particular claim has been previously raised is afforded broad discretion. *Sanders v. United States*, 373 U.S. 1, 16 (1963) ("identical grounds may often be proved by different factual allegations … or supported by different legal arguments … or couched in different language … or vary in immaterial respects"). Thomas' counsel unsuccessfully argued at trial—and both the jury and the Eleventh Circuit effectively rejected Thomas' claim—that he did not possess the gun and drugs. Thomas cannot now show that he was prejudiced by his counsel's failure to seek a special "mere inspection" instruction.

---

[2] Thomas recently filed a motion asking this Court to take notice of a new decision, *United States v. Smith*, 997 F.3d 215 (5th Cir. May 5, 2021). In *Smith*, the Fifth Circuit held that "the district court plainly erred in accepting Smith's guilty plea to possessing the .38 revolver on the sole basis that he had touched the firearm." *Smith*, 997 F.3d 220. While Thomas cites to *Smith* in support of his assertion that "mere inspection" is not possession, *Smith* is not controlling and evidence at trial showed that Thomas did more than merely touch or inspect the contraband.

Nevertheless, Thomas' assignment of error fails on the merits.  The Eleventh Circuit has addressed the limited availability of the "mere inspection" defense.  *United States v. Beverly*, 194 F. App'x. 624 (11th Cir. 2006).  Noting that a "defendant is entitled to have presented instructions relating to a theory of defense for which there is *any foundation* in the evidence, even though the evidence may be weak, insufficient, inconsistent, or of doubtful credibility," the *Beverly* court concluded the trial court had not abused its discretion in refusing to give a "mere inspection" instruction as the trial evidence showed Beverly "did not merely briefly inspect the rifle or the ammunition."  *Beverly*, 194 F. App'x at 627-28 (quoting *United States v. Lively*, 803 F.2d 1124, 1126 (11th Cir. 1986)).  In Thomas' case, on direct appeal, the Eleventh Circuit found that the facts presented at trial "demonstrate[] [Thomas] constructively possessed the contraband," and thus did not support a "mere inspection" instruction.  *See* Eleventh Cir. Docket No. 12-15455 (Feb. 3, 2014) (8:11-cr-561-JDW-SPF, Doc. 129).  Moreover, as the *Beverly* court recognized, "the district court's standard instructions regarding actual and constructive possession adequately highlighted the importance of control to the meaning of possession and substantially covered the … 'mere inspection' instruction."  *Id*. at 628. [3]

For the same reasons, Thomas' Ground Nine argument that his counsel was ineffective for failing to raise the exculpatory defense (at trial and on direct appeal)—that he did not attempt to possess cocaine with an intent to distribute—fails too.  As the United States

---

[3] The United States classifies Thomas' argument as that of his counsel failing to make a meritless objection.  "Failing to make a meritless objection does not constitute deficient performance."  *Denson,* 804 F.3d at 1342.  "To prove prejudice, '[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'"  *Id*. at 1343 (quoting *Strickland,* 466 U.S. at 694).  Thomas has not made such a showing.

asserts, and as discussed above, both the jury and the Eleventh Circuit have effectively rejected Thomas' assertion that he did not know he was being handed drugs.  Moreover, Thomas has not demonstrated a reasonable probability that but for counsel's alleged error in failing to assert the defense that Thomas did not attempt to possess the cocaine, the outcome would have been different.  *Strickland,* 466 U.S. at 694.

### 3.  Failure to Object to Prior Drug Convictions Used to Enhance Sentence (Ground Three)

In Ground Three, Thomas argues his counsel was ineffective for failing to object to the use of his Florida prior drug convictions to enhance his sentence (Doc. 42, p. 7).  Citing *Mathis v. United States*, 136 S. Ct. 2243 (2016), Thomas maintains that his counsel erred by failing to object to the use of state-law drug convictions that are categorically broader than the federal definition or analogous statute.  Specifically, Thomas complains that Florida Statutes § 893.13 defines "cocaine" more broadly and criminalizes a broader category of drugs than the federal statutory counterpart.  In particular, Florida Statutes § 893.13 prohibits "stereo isomers," whereas the federal statute does not.

Thomas maintains that he could not have raised this argument earlier due to intervening decisions rendered after his trial.  (Doc. 50, p.10).[4]  "An intervening change of law can provide a basis of relief under § 2255 if the change of law has a constitutional

---

[4] The Court notes Thomas' citation to *United States v. Elder*, 900 F.3d 491 (7th Cir. 2018), in support of his motion. (Doc. 42-1, p.11). In *Elder*, the Seventh Circuit used the framework of *Mathis* to analyze 21 U.S.C. § 841(b)(1)(A)'s mechanism to enhance the mandatory minimum sentence of drug trafficking offenders with prior "felony drug offenses" as defined by the United States Code. 900 F.3d at 495–96. After applying the categorical approach of *Mathis* to the Arizona statute at issue in the case, the *Elder* panel concluded that the Arizona statute criminalized the possession of more substances than those contained in the definition of "felony drug offense" at 21 U.S.C. § 802(44). *Id.* at 501–03. *Elder*, however, is not controlling in this Circuit.

dimension or if it involves a change in the interpretation of a law of the United States." *Brown v. United States*, 688 F. App'x. 644, 651 (11th Cir. 2017) (citing *Davis v. United States*, 417 U.S. 333, 342-45 (1974)). "When an intervening change of law involves the interpretation of a law of the United States, the intervening change in law only provides a basis for relief on collateral review if not applying the change constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Id.* (quoting *Davis*, 417 U.S. at 346). Even assuming an intervening change of law, Thomas' claim fails.

In *United States v. Pridgeon*, 853 F.3d 1192 (11th Cir. 2017), decided after *Mathis*, the Eleventh Circuit concluded it was bound by *United States v. Smith*, 775 F.3d 1262, 1267 (11th Cir. 2014), and, therefore, defendant's Florida Statutes § 893.13 convictions qualified as predicate "controlled substance offenses" for purposes of the career offender enhancement. *Pridgeon*, 853 F.3d 1192. In *Smith*, the Eleventh Circuit held that a violation of Florida Statutes § 893.13 was a "controlled substance offense" and that neither the language of U.S.S.G. § 4B1.2 nor this Circuit's precedent require that a "controlled substance offense" be one in which the defendant had knowledge of the illicit nature of the substance. *Smith*, 775 F.3d at 1268.

Applying *Smith*, the United States asserts that Thomas cannot demonstrate any error in the Court's classification of his prior Florida narcotics convictions as "controlled substance offenses," and his counsel cannot be held ineffective for failing to pursue a meritless challenge. The Court agrees. Thomas' violations of Florida Statutes § 893.13 are categorically "controlled substance offenses" under U.S.S.G. § 4B1.2. *See Smith*, 775 F.3d at 1268. The Sentencing Guidelines define a "controlled substance offense" as a state or federal law offense "punishable by imprisonment for a term exceeding one year, that prohibits the manufacture,

import, export, distribution, or dispensing of a controlled substance … or the possession of a controlled substance … with the intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b). As the United States notes, neither the statutory language nor the sentencing guidelines nor our case law requires that a controlled substance offense be one in which the defendant had knowledge of the illicit nature of the substance. Thomas' relevant qualifying prior convictions involved the sale or delivery of a controlled substance, which are at least second-degree felonies, punishable by up to fifteen years imprisonment. *See* Fla. Stat. § 893.13(1)(a)(1). Thus, Thomas was properly classified as a career offender under U.S.S.G. § 4B1.2. *See, e.g., United States v. Wiggins*, 840 F. App'x 498, 499 (11th Cir. 2021) (citing *Smith*, 775 F.3d at 1268); *Battis v. United States*, No. 8:19-cv-2447-T-02AAS, 2020 WL 1027180, at *3 (M.D. Fla. Mar. 3, 2020) (citing *Smith,* 775 F.3d at 1267-68) (finding convictions under Florida Statutes § 893.13(1) are "controlled substance offenses" under the guidelines); *Woodard v. U.S.*, No. 8:14-cv-953-T-24TBM, 2014 WL 6306571, at *2 (M.D. Fla. Nov. 13, 2014). Because Thomas' prior convictions were serious drug offenses, the Court finds that Thomas' enhanced sentence as a career offender was proper and that his counsel was not ineffective for failing to object to the use of his Florida prior drug convictions to enhance his sentence.

In his reply brief, Thomas indicates he "did not bring this claim under ineffective assistance of counsel" and instead asserts a Constitutional error (Doc. 50, p.10). Thomas asserts that because Florida Statutes § 893.13 is not categorically a match with the federal analogous statute due to its broader definition of cocaine, his sentence should not have been enhanced (Doc. 50, at p.10). For the same reasons set forth above, the Court finds no Constitutional error.

**B. 18 U.S.C. § 924(c) (Ground Four)**

Violators of 18 U.S.C. § 924(c) face a mandatory minimum sentence of five years in prison, over and above any sentence they receive for the underlying crime of violence or drug trafficking crime. *United States v. Davis*, 139 S. Ct. 2319, 2324 (2019). The term "crime of violence" means an offense that is a felony and:

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3) (eff. Dec. 21, 2018). The first part of this statute, § 924(c)(3)(A), is often referred to as the "elements clause," while the second part, § 924(c)(3)(B), is referred to as the "residual clause." *Davis*, 139 S. Ct. at 2324. In *United States v. Davis*, the Supreme Court extended its holdings in *Johnson v. United States*, 576 U.S. 591 (2015), and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), to strike down § 924(c)'s residual clause subpart as unconstitutionally vague. *Davis*, 139 S. Ct. at 2336. In light of *Davis*, Thomas argues his murder-for-hire (Count One) conviction only qualified as a "crime of violence" under the now-invalid residual clause, and, therefore, should be vacated. (Doc. 54).[5]

Assuming *arguendo* that Thomas' *Davis* argument has merit,[6] it is of no consequence because Thomas was simultaneously convicted in Count Two of a crime that unquestionably

---

[5] In his recently filed supplement (Doc. 54), Thomas argues his § 924(c) conviction should be vacated based upon a recent decision, *Qadar v. United States*, 2020 WL 3451658 (E.D. N.Y. June 24, 2020). This decision is not controlling in this circuit and is factually distinguishable in that Thomas was convicted of an alternate predicate crime—drug trafficking.

[6] The Court recognizes the United States' notation that the murder-for-hire jury instruction tracked the elements clause (not the residual clause) and that the Eleventh Circuit has not yet decided, post *Davis*, whether murder-for-hire qualifies as a § 924(c) predicate offense under the elements clause. In any event, for purposes of Thomas' motion, the United States

qualifies as a § 924(c)(3)(A) "drug trafficking crime." *Smith*, 775 F.3d at 1268.  Thomas was convicted in Count Two of "Possession and Attempted Possession with Intent to Distribute 500 Grams or More of Cocaine" pursuant to 18 U.S.C. §§ 922(g)(1) and 924(e)(1). (8:11-cr-561, Doc. 116).  Because Thomas' murder-for-hire charge was inextricably intertwined with his possession and attempted possession with intent to distribute cocaine, any error in the inclusion of the murder-for-hire conviction as a predicate offense was harmless.  *See Foster v. United States*, 996 F.3d 1100, 1107 (11th Cir. 2021) ("As for the merits of Foster's claim, however, we conclude that Foster cannot prevail. The Hobbs Act conspiracy was inextricably intertwined with Foster's conspiracy and attempt to possess with intent to distribute cocaine (Counts 2 and 3), convictions Foster does not dispute are valid drug trafficking predicates for Counts 4 and 5. Accordingly, the inclusion of an invalid predicate offense -- the Hobbs Act conspiracy -- in his indictment and jury instructions was harmless.").

Thomas argues the Count Two cannot qualify as a drug trafficking crime because "Congress did not authorize a § 924(c) or (e) conviction to attach to a non-existent offense called 'possession and attempt to possess' with intent to distribute cocaine simultaneously." (*See* Doc. 42-1, p. 17; Doc. 42-2, pp. 10, 13).  Thomas, however, fails to appreciate that the attempt is an offense included in the completed crime.  *See United States v. York*, 578 F.2d 1036, 1040 (5th Cir. 1978) (citations omitted) (The "proof that a crime had been completed does not absolve the defendants of the attempt.  Unlike conspiracy, however, the prosecution may not obtain convictions for both the completed offense and the attempt as separate crimes if

---

concedes that Thomas' murder-for-hire conviction does not constitute a crime of violence under the elements clause. *See* Doc. 46, p. 19.

the attempt has in fact been completed. The attempt is an offense included in the completed crime, and, therefore, cannot support a separate conviction and sentence.").

Thomas next contends that the Court should apply the *Stromberg* principal to invalidate his sentencing enhancement (Doc. 42-1, p.16). *See Stromberg v. California*, 283 U.S. 359 (1931) (holding that where a provision of the Constitution *forbids* conviction on a particular ground, the constitutional guarantee is violated by a general verdict that may have rested on that ground) (emphasis added). On collateral review, the petitioner bears the burden of proof and persuasion on each and every aspect of his claim. *Beeman v. United States*, 871 F.3d 1215, 1221-25 (11th Cir. 2017). The Eleventh Circuit has clarified the applicable standard to use in this context. In *Granda v. United States*, the Eleventh Circuit held that collateral relief for a *Davis* claim is proper only if the court has "grave doubt" about whether a trial error had "substantial and injurious effect or influence" in determining the verdict. 990 F.3d 1272, 1292 (11th Cir. 2021) (quoting *Davis v. Ayala*, 576 U.S. 257, 267-68 (2015)). "There must be more than a reasonable possibility that the error was harmful; put differently, we may order relief 'only if the error resulted in actual prejudice' to the petitioner." *Weston v. United States*, No. 20-13028, 2021 WL 1382798, at *2 (11th Cir. Apr. 13, 2021) (quoting *Granda*, 990 F.3d at 1292). It is insufficient for Thomas to show that the court *may* have relied on the now-invalid residual clause. *Weston*, 2021 WL 1382798, at *1 (citing *Granda*, 990 F.3d at 1288). Rather, Thomas must show a "substantial likelihood" that the court did rely only on that subsection. The Court must look at the record to evaluate whether the trial court relied only on an invalid subsection. *Id*. According to the Judgment (8:11-cr-561, Doc. 116), Thomas was convict of "Carrying or Possessing a Firearm During a ***Drug Trafficking Crime***." (8:11-cr-561, Doc. 116) (emphasis added). Thomas has not shown and the record does not demonstrate a "substantial

likelihood" that in light of all of the evidence it is more likely than not that the jury relied only on the murder-for-hire predicate, and not on the remaining legally valid predicate offense to support the conviction.  *See Granda*, 990 F.3d at 1288.

### C. *Rehaif v. United States* (Ground Five)

Thomas' Ground Five argument stems from the United States Supreme Court's holding that a § 922(g) conviction requires the United States to "prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif v. United States*, _ U.S. _, 139 S. Ct. 2191, 2200 (2019).  Thomas argues that his Count Three conviction is invalid because the United States did not prove that he knowingly possessed a firearm while simultaneously being aware of his status as a felon convicted of a crime punishable by imprisonment for a term exceeding one year (Doc. 42-1, pp. 19-20).  Specifically, Thomas asserts he "may have known of his status [as a felon] but he was not aware of [his] possession of a firearm simultaneously" (Doc. 50, p.15).  In a nutshell, Thomas asserts he was unaware that the confidential informant intended to hand him a gun and that he exited the vehicle once he saw the gun inside the brown paper bag (Doc. 50, p.15).

Pointing to Thomas' prior record in its totality and his statements to the Honorable Elizabeth A. Jenkins during a proceeding just three months before the events charged in the indictment, the United States asserts Thomas was well aware that, as a felon, he did not have the right to own or possess a firearm (Doc. 46, p.27 and Attachment D, pp. 48-55).  Indeed, Thomas does not assert he was unaware that he was a convicted felon, and the record belies any such contention. *See United States v. Leonard*, No. 19-14142, 2021 WL 2844904, at *6 (11th Cir. July 8, 2021) (finding the defendant suffered no prejudice to his ability to defend himself

against the felon-in-possession charge where he "does not even attempt to argue that he did not know he was a felon at the time he possessed the gun or that he would have offered the jury evidence to prove this point."); *see also United States v. Moore,* 954 F.3d 1322, 1338 (11th Cir. 2020), cert. dismissed, 141 S. Ct. 729, 208 L. Ed. 2d 508 (2021), and cert. denied, No. 20-6781, 2021 WL 2519292 (U.S. June 21, 2021) ("Appellants cannot establish that they were unaware of their felon status when they possessed firearms due to the nature of their prior felonies. Thus, these errors did not affect Appellants' substantial rights.").

Similarly, regarding Thomas' assertion that he did not know the confidential informant was handing him a gun, the record reveals Thomas constructively possessed the gun.  As already discussed in the context of Thomas' Grounds Two and Nine, Thomas' counsel unsuccessfully argued at trial that Thomas did not possess the gun and drugs. Thereafter, on direct appeal, the Eleventh Circuit found that "the evidence demonstrates [Thomas] constructively possessed the contraband."  Eleventh Cir. Docket No. 12-15455 (Feb. 3, 2014) (8:11-cr-561-JDW-SPF, doc. 129).  As a result, Thomas is not entitled to relief on this ground.

### D. Attempt to Possess and Possession (Ground Six)

Under Count Two of the indictment, Thomas "did knowingly and intentionally possess and attempt to possess with intent to distribute and distribute 500 grams or more of a quantity of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance" (8:11-cr-561-T-JDW-SPF, Doc. 1).  Thomas labels the Count Two charges "absurd" because there is no crime for "possession and attempt to possess" with intent to distribute cocaine (Doc 46, pp 27-29).  Thomas also asserts the Court lacked subject matter jurisdiction to convict him for a crime that does not exist.

In response, the United States indicates this claim is procedurally defaulted because Thomas did not raise it on direct appeal or at trial as required by Federal Rule of Criminal Procedure 12. Furthermore, "the prosecution may not obtain convictions for both the completed offense and the attempt as separate crimes if the attempt has in fact been completed. The attempt is an offense included in the completed crime, and, therefore, cannot support a separate conviction and sentence." *United States v. York*, 578 F.2d 1036, 1040 (5th Cir. 1978). The United States, therefore, properly charged both the attempt and the possession in a single count. Accordingly, this ground is both procedurally barred and lacks merit.

### E.   18 U.S.C. § 924(c)(1)(A) conviction (Ground Eight)

Thomas asserts in Ground Eight that the Court lacked subject matter jurisdiction to indict and convict him for a violation of 18 U.S.C. § 924(c)(1)(A) without proving that the firearm was available to provide protection to him in connection with his engagement in drug trafficking. As the United States responds, Thomas' argument concerning a lack of evidence establishing a nexus between the firearm and the drug trafficking crime is a sufficiency of evidence argument precluded by prior resolution on direct appeal. To the extent that a specific connection between the gun and drugs was not challenged on direct appeal, Thomas is procedurally barred from raising a direct appeal issue in his § 2255 claim. *See Lynn*, 365 F.3d at 1234-35 (motion to vacate under § 2255 is not a substitute for direct appeal and issues that could have been raised on direct appeal are procedurally barred).

### F.  Actual Innocence (Ground Ten)

Thomas asserts in Ground Ten that he is actually innocent of the murder-for-hire charge in Count One. Thomas reasons that the Government failed to prove that he was

predisposed to commit a murder-for-hire to overcome his entrapment defense (Doc. 42-1, p. 31). According to Thomas, he asserted the entrapment defense at trial and the United States failed to meet its burden of establishing that he was predisposed to commit murder-for-hire. (Doc. 42-1, p. 31). Against this backdrop, Thomas asserts there is "no way to determine that [he] was predisposed to commit a murder … [he] has no history of violence … and there are no recorded conversations of initial meeting with the C.I. to even gauge whether [he] was eager to join the scheme, but there are recorded conversations of the C.I. stating that he was actively seeking him out." (Doc. 42-1, p. 31). Thomas pleads: "Honestly at best petitioner is a very, very low level drug middle man who tried to scam the C.I. out of some money, and tried to sound like he knew what he was doing, to get what he wanted, but did not have the predisposition to commit murder nor the propensity to commit murder, it just would not make sense." (Doc. 42-1, p. 38).

In response, the United States asserts this issue is precluded by prior resolution. This Court agrees. The Eleventh Circuit addressed this issue on direct appeal:

> The government also presented sufficient evidence to counter Thomas's entrapment defense. Specifically, Barr testified Thomas approached him about the murder-for-hire scheme, while they were still in jail and before Barr began cooperating with the government. Likewise, Thomas made numerous statements about committing murder on July 25, 2011, before Barr began cooperating with the government, including how much Thomas was going to charge and how he planned to commit the murder.

(8:11-cr-561, Doc. 129, p.9) (citations omitted). Further, as the United States notes, Thomas presents no new evidence to support an actual innocence claim. To make a credible actual innocence claim to overcome the procedural bar, a petitioner must present new reliable evidence that was not presented at trial and must show that "it is more likely than not that no

21

reasonable juror would have convicted him in light of the new evidence." *McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013).  Here, Thomas has not done so.

**G. Serious Drug Conviction (Ground Eleven)**

Pointing to *Shular v. United States*, _ U.S. _, 140 S. Ct. 779 (2020), Thomas asserts the district court erred in finding his prior drug convictions under Florida law qualify as serious drug crimes given that Florida Statute § 893.13 lacks a *mens rea* requirement, therefore making it unconstitutional and invalid for enhancement purposes.  Thomas' argument is contrary to *United States v. Smith*, 775 F.3d 1262 (11th Cir. 2014).  In *Smith*, the Eleventh Circuit rejected the generic-offense analysis that Thomas now advocates applies.  The *Smith* court found that the definitions of "serious drug offense" and "controlled substance offense" in § 924(e)(2)(A) and the U.S.S.G. § 4B1.2(b) should be compared to the state offense.  *Smith*, 775 F.3d at 1267. Hence, the *Smith* court held that a conviction under Florida Statute § 893.13(1) is a "serious drug offense" under § 924(e)(2)(A) and a "controlled substance offense" under U.S.S.G. § 4B1.2(b).  *Smith*, 775 F.3d at 1268.  Thomas misunderstands *Shular*, which "determin[ed] that a sentencing enhancement is appropriate when the conviction involves certain specified conduct, even if the elements of the state law crime are not the same as those of the generic offense." *United States v. Cius*, 831 F. App'x 465 (11th Cir. 2020) (citing *Shular*, 140 S. Ct. at 787).  As the Eleventh Circuit recognized in *Cius*, "[u]ntil the Supreme Court or [the Eleventh Circuit] sitting *en banc* overrules *Smith*, it remains binding precedent in [the Eleventh] Circuit, and we must apply it." *Cius*, 831 F. App'x at 467 (citing *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008)) (describing the prior precedent rule).  Following *Smith*, Thomas' Florida convictions for violations of Florida Statutes § 893.13 are qualifying predicate offenses, and the district court did not err in sentencing Thomas under the enhancement.  *See*

*also United States v. Williams*, No. 20-10038, 2021 WL 1961649, at *3 (11th Cir. May 17, 2021) (rejecting petitioner's argument that his post-2002 Florida drug convictions do not qualify as serious drug offenses under the Armed Career Criminal Act because Florida Statutes § 893.13(1)(a) does not require proof of a *mens rea* element). Consequently, Thomas is not entitled to relief on this ground.

### H. Sentence Enhancement (Ground Twelve)

Lastly, Thomas asserts the "government lacked subject-matter jurisdiction to enhance [his sentence] pursuant to § 851 . . . without filing a proper notice, nor putting petitioner on notice to any specific priors they planned to enhance petitioner for" (Doc. 42-1, p. 40). As the United States indicates, Thomas' assertion is factually flawed. The Court's docket reflects that the 21 U.S.C. § 851 notice was filed on November 28, 2011, eight months before the start of the trial. (*See* 8:11-cr-561, Doc. 5 and Doc. 124 at 28-29) (Court's discussion of filed § 851 notice at sentencing).

## CONCLUSION

It is recommended that Thomas' Second Amended Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 (Doc. 42) be denied. Thomas' ineffective assistance of counsel claims fail to satisfy both prongs of *Strickland*. Thomas' substantive claims fail because they are procedurally barred, lack merit, or both.[7]

---

[7] The Court finds that an evidentiary hearing is unnecessary because it can be determined from the record that Thomas' grounds for relief are meritless. "An evidentiary hearing is not required" simply because a "petitioner asserts a claim of ineffective assistance under section 2255." *Gordon v. United States*, 518 F.3d 1291, 1299 (11th Cir. 2008) (affirming denial of hearing). Rather, a district court must "grant a prompt hearing" under section 2255(b) only if the petitioner alleges specific facts that would entitle him to relief if proven. 28 U.S.C. § 2255(b).

**IT IS SO REPORTED** in Tampa, Florida, this 14th day of July 2021.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to the proposed findings and recommendations or request an extension of time to do so.  28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.  Failure of any party to timely object in accordance with the provisions of § 636(b)(1) waives that party's right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3-1.


cc:     Hon. James D. Whittemore