**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ASIEBA THOMAS,**

    Petitioner,

vs.                                                     Civil Case No. 8:16-cv-1050-JDW-SPF
                                                         Crim. Case No. 8:11-cr-561-JDW-SPF

**UNITED STATES OF AMERICA,**

    Respondent.
_____/

**ORDER**

**BEFORE THE COURT** is the Report and Recommendation of the Magistrate Judge (cv Dkt. 56) recommending that Petitioner Thomas' Second Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (cv Dkt. 42) be denied. Thomas filed objections (cv Dkt. 62) and the United States responded (cv Dkt. 67). After consideration of the Report and Recommendation and Thomas' objections, including a *de novo* review of the findings and conclusions to which specific objection is made, and in conjunction with an independent examination of the file, the Report and Recommendation is adopted, confirmed, and approved. Thomas' Second Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (cv Dkt. 42) is DENIED.

**BACKGROUND**

Thomas was indicted and charged with use of an interstate commerce facility with intent to commit murder-for-hire, in violation of 18 U.S.C. § 1958 (Count One), possession and attempted possession of 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and

1

846 (Count Two), possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count Three) and carrying or possessing a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Four). (cr Dkt. 1). All counts were enhanced for committing the offense while on pretrial release pursuant to 18 U.S.C. § 3147. (Id.). A jury found Thomas guilty on all counts. (cr Dkt. 99).

On October 9, 2012, he was sentenced to 360 months imprisonment, consisting of 120 months on Count One, 180 months on Count Three, concurrent to Count One, 120 months on Count Two, consecutive to Counts One and Three, and 60 months on Count Four, consecutive to Counts One, Two, and Three. (cr Dkt. 116). The Judgment provides that those terms are to run consecutive to the sentence he received in a separate case, 8:11-cr-117-T-SDM-EAJ. His convictions and sentence were affirmed. *See United States v. Thomas*, 553 F. App'x 941 (11th. Cir. 2014). Thomas filed, amended, and supplemented his § 2255 motion, raising twelve claims. (cv Dkt. 42).[1]

## STANDARD OF REVIEW

A district court may accept, reject, or modify a report and recommendation. 28 U.S.C. § 636(b)(1). Those portions to which objections are made are reviewed *de novo*. *Id.*; Fed. R. Civ. P. 72(b)(3). Objections must "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009). In the absence of a specific objection to factual findings, there is no requirement that the district court review the findings *de novo*. *Garvey*

---

[1] Thomas also filed a reply and two supplements. (cv Dkts. 50, 53, 54). This Court is mindful of its responsibility to address and resolve all claims raised in his motion. *Clisby v. Jones*, 960 F.2d 925, 936 (11th Cir. 1992) (instructing "the district courts to resolve all claims for relief raised in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254"). That said, nothing in *Clisby* requires or suggests consideration of a claim raised for the first time in a reply.

2

*v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993). And the report and recommendation is reviewed for clear error in the absence of objections. *Macort v. Prem, Inc.*, 208 F. App'x. 781, 784 (11th Cir. 2006). Legal conclusions are reviewed *de novo*. *See LeCroy v. McNeil*, 397 F. App'x. 554, 556 (11th Cir. 2010) (citation omitted).

## DISCUSSION

The Magistrate Judge correctly recommends that Thomas' claims be denied, since he fails to demonstrate deficient performance or resulting prejudice to support his ineffective assistance of counsel claims (Grounds One, Two, Three, Seven, and Nine), and his claims independent of ineffective assistance of counsel are procedurally defaulted or lack merit.[2] *See* (cv Dkt. 56 at 23).

### *Ground One*

In Ground One, Thomas contends counsel was ineffective in failing to object to a constructive amendment of the indictment by the jury instructions on Count One.[3] (cv Dkt. 42 at 4). In response, the United States asserts that the claim is procedurally defaulted and otherwise without merit because "there was no constructive amendment of the indictment."[4] (cv Dkt. 46 at

---

[2] To the extent Thomas contends he is actually innocent of his crimes of conviction to circumvent a procedural bar or as a freestanding claim, he fails to make the requisite showing. *See Rozzelle v. Sec'y, Fla. Dep't of Corr.*, 672 F.3d 1000, 1010-12 (11th Cir. 2012).

[3] To establish ineffective assistance of counsel, Thomas must demonstrate that (1) counsel's performance was constitutionally deficient, and (2) he was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689. And "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (citation and internal quotation marks omitted).

[4] An ineffective assistance of counsel claim is not procedurally defaulted for not being raised on direct appeal. *See Massaro v. United States*, 538 U.S. 500, 509 (2003); *United States v. Balcazar*, 775 F. App'x 657, 660 (11th Cir. 2019).

10-12). The Magistrate Judge concluded that the jury instructions "did not 'so modify the elements of the offense charged' such that Thomas 'may have been convicted on a ground not alleged by the indictment.'" (cv Dkt. 56 at 7 (quoting *United States v. Poarch*, 878 F.2d 1355, 1358 (11th Cir. 1989) (alterations omitted)). As a result, the Magistrate Judge found that Thomas was unable to demonstrate deficient performance by counsel in failing to object to the jury instruction for Count One. (cv Dkt. 56 at 5, 8). Thomas does not make a specific objection to the recommended resolution of Ground One. After review, I find no clear error in the Magistrate Judge's recommendation on Ground One.

A constructive amendment occurs "when the essential elements of the offense contained in the indictment are altered to broaden the possible bases for conviction beyond what is contained in the indictment." *United States v. Narog*, 372 F.3d 1243, 1247 (11th Cir. 2004) (internal quotation marks omitted). As the Magistrate Judge correctly noted, the jury was correctly instructed on the elements of §1958. (cv Dkt. 56 at 7-8). Therefore, counsel could not have been ineffective in failing to make a meritless objection. *Denson v. United States*, 804 F.3d 1339, 1342 (11th Cir. 2015) (quoting *Freeman v. Att'y Gen.*, 536 F.3d 1225, 1233 (11th Cir. 2008)) ("A lawyer cannot be deficient for failing to raise a meritless claim . . . ." (citation omitted)). Even if counsel should have objected to the jury instruction for Count One, Thomas cannot demonstrate prejudice resulting from the failure to object, since there was no constructive amendment of the indictment.

Accordingly, Thomas failed to establish ineffective assistance of counsel as alleged in Ground One of his motion. And absent deficient performance and resulting prejudice, appellate counsel was not ineffective in failing to raise this claim on appeal. *See* (cv Dkt. 42-1 at 5); *United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000) (finding that "[a]ppellate counsel is not

4

ineffective for failing to raise claims reasonably considered to be without merit") (internal citation and quotation marks omitted). The Magistrate Judge correctly determined that Ground One is without merit.

***Ground Two***

In Ground Two, Thomas contends that counsel was ineffective in failing to request a "mere inspection" jury instruction. (cv Dkt. 42 at 5). The United States responds that this claim fails because "Thomas cannot now show he was prejudiced by [counsel] not seeking a special 'mere inspection' instruction, nor has he shown deficient performance." (cv Dkt. 46 at 12). The Magistrate Judge agreed, noting that the Eleventh Circuit Court found that the facts at trial demonstrate that Thomas constructively possessed the contraband and therefore "Thomas cannot now show that he was prejudiced by his counsel's failure to seek a special "mere inspection" instruction. (cv Dkt. 56 at 10-11 (citing *Thomas*, 553 F. App'x at 946)).

Thomas objects, contending with respect to Grounds Two and Nine that counsel was ineffective in failing to request a "mere inspection" theory of defense instruction and an exculpatory defense instruction that he did not attempt to possess the contraband. He argues the facts are inconsistent with constructive possession and attempted possession. He explains that although he placed the contraband between his feet, *admitting that he therefore had physical control*, he stated "Let's peel from up here," he "aint want that," and got out of the vehicle, leaving the contraband. He argues that these statements and his conduct do not support constructive possession and constituted mere inspection, adding that he could not have inspected the contraband without having physical control of it. He points out that the Eleventh Circuit never addressed his "mere inspection" argument, even though his counsel raised this argument on appeal for the first

5

time.

Thomas' contentions are without merit since, even if counsel's performance was deficient in failing to request a theory of defense instruction on "mere inspection" and attempted possession, he has not shown that the jury's verdict would have been different if counsel had requested those instructions. And at this stage, he may not relitigate the facts supporting his convictions. Indeed, as the Eleventh Circuit found, the evidence at trial demonstrated constructive possession. Moreover, as the Magistrate Judge correctly observed, the court's instructions on actual and constructive possession adequately highlighted the importance of control in the context of possession, effectively covering a "mere inspection" theory. Indeed, his counsel unsuccessfully argued to the jury that he did not possess the contraband. And the Eleventh Circuit rejected that argument as well. It found that the facts demonstrated the exercise of dominion and control tantamount to at least constructive possession.

A defendant has constructive possession of a substance when he has some form of control other than direct physical control. *United States v. Edwards*, 166 F.3d 1362, 1364 (11th Cir. 1999). To the extent Thomas relies on *Edwards*, the facts in *Edwards* are distinguishable. There, Edwards never had physical control over the cocaine, merely inspecting it when he was handed an envelope containing the cocaine. Here, Thomas took the bag of contraband from Barr, looked inside, and placed it between his feet. As the Eleventh Circuit found, he thereby "maintained dominion and control over the drugs and gun," did not "give them back to Barr, [or] place them out of his reach, such as in the backseat." Accordingly, after a *de novo* review, I find and conclude that in the absence of deficient performance and prejudice, this claim of ineffective assistance in Ground Two lacks merit.

*Ground Three*

In Ground Three, Thomas contends that counsel was ineffective in failing to object to the use of his Florida drug convictions to enhance his sentence. (cv Dkt. 42 at 7). The United States responds that this claim is procedurally defaulted and is otherwise without merit because "Thomas' counsel cannot be held ineffective for failing to present a meritless challenge." (cv Dkt. 46 at 14). The Magistrate Judge agreed, finding that "[b]ecause Thomas' prior convictions were serious drug offenses, . . . Thomas' enhanced sentence as a career offender was proper and that his counsel was not ineffective for failing to object to the use of his Florida prior drug convictions to enhance his sentence." (cv Dkt. 56 at 13).

Thomas objects, essentially re-arguing the merits of his claim that *Mathis v. United States*, 136 S.Ct. 2243 (2016) controls. He is mistaken. The Magistrate Judge correctly determined that his prior Florida drug convictions were properly used to enhance Thomas' sentence. His argument that his prior convictions under Section 893.13(1), Fla. Stat., are not "controlled substance offenses" under the Sentencing Guidelines is foreclosed by *United States v. Smith*, 775 F.3d 1262, 1264-68 (11th Cir. 2014) ("Section 893.13(1) of the Florida Statutes is both a 'serious drug offense,' 18 U.S.C. § 924(e)(2)(A), and a 'controlled substance offense,' U.S.S.G. § 4B1.2(b). In *United States v. Pridgeon*, 853 F.3d 1192 (11th Cir. 2017), decided after *Mathis*, this Circuit found *Smith* controlling. Accordingly, counsel could not have been ineffective for failing to raise issues which had no merit.

*Ground Four*

In Ground Four, Thomas contends that the United States "used an unconstitutionally vague statute to enhance Petitioner. (i.e. the residual clause of 18 U.S.C. § 924(e)." (cv Dkt. 42 at 8). In

7

response, the United States contends that although it takes the position "at this time . . . that Thomas' murder for hire conviction does not qualify as a 'crime of violence,' . . . Thomas' § 924(c) conviction should stand because it is clear that Count Two's drug trafficking conviction meets § 924(c)(1)(A)'s definition of a drug [trafficking] crime." (cv Dkt. 46 at 19-20). The Magistrate Judge agreed, concluding that even if Thomas' murder-for-hire conviction does not qualify as a crime of violence, "Thomas was simultaneously convicted in Count Two of a crime that unquestionably qualifies as a § 924(c)(3)(A) 'drug trafficking crime.'" (cv Dkt. 56 at 15-16). Moreover, the Magistrate Judge found that "[b]ecause Thomas' murder-for-hire charge was inextricably intertwined with his possession and attempted possession with intent to distribute cocaine, any error in the inclusion of the murder-for-hire conviction as a predicate was harmless." (Id. at 16). After a *de novo* review, I find Thomas' objection to this finding to be without merit. Counts One and Two were inextricably intertwined. Any error in including the murder for hire conviction as a predicate for the enhancement was harmless, as his conviction om Count Two constitutes as a § 924(c)(3)(A) drug trafficking crime. *See Granda v. United States,* 970 F.3d 1272, 1288 (11th Cir. 2021).

***Ground Five***

In Ground Five, Thomas contends that he "was illegally convicted of § 922(g)(1) because within the meaning of *Rehaif v. United States*, 139 S. Ct. 2191 [(2019),] the government did not prove [he] knowingly possessed a firearm while simultaneously aware of his status." (cv Dkt. 42-1 at 19). In response, the United States relies on Thomas' criminal history and his plea colloquy in an unrelated federal case to assert that "Thomas was well aware that he, as a felon, did not have the right to own or possess a firearm." (cv Dkt. 46 at 26-27). The United States further contends

8

that "[b]ecause knowledge can be inferred from circumstantial evidence, Thomas cannot meet his burden." (Id.). The Magistrate Judge determined that the record belies any contention that Thomas was unaware that he was a convicted felon when he possessed the subject firearm. (cv Dkt. 56 at 18).

Thomas does not contend that he was unaware that he was a convicted felon. Rather, he asserts that "the point here, is that petitioner may have known of his status, but was not aware of possessing a weapon simultaneously." (cv Dkt. 50 at 15). Essentially, he argues that he was not aware there was a firearm in the bag with the cocaine before he opened it. But now is not the time to argue the facts. He stipulated to his status as a convicted felon at trial. Just three months before committing these offenses, he pleaded guilty to three unrelated federal offenses. During his plea colloquy, he acknowledged that he would be a convicted felon and lose the right to possess a firearm. As the United States notes, "at the time of his sentencing, and before his 27th birthday, Thomas had accumulated approximately nine felony convictions, was designated an Armed Career Criminal, and had previously served a term of imprisonment of 43 months." (cv Dkt. 46 at 27). And the jury found that he possessed the firearm. Accordingly, after a *de novo* review, I find that this claim is without merit.

**Ground Six**

In Ground Six, Thomas challenges Count Two of the Indictment, contending that "[t]he government did not have subject-matter-jurisdiction to convict [him] for a crime that does not exist." (cv Dkt. 42-1 at 22). Specifically, he contends that "[t]here is no crime authorized by congress called 'possession and attempt to possess' with intent to distribute cocaine." (Id. at 21). In response, the United States contends that this claim is procedurally defaulted, and in any event,

9

without merit. (cv Dkt. 46 at 27-28). The Magistrate Judge determined the claim was procedurally defaulted, and in any event, without merit as the United States "properly charged both the attempt and the possession in a single count." (cv Dkt. 56 at 20). Thomas contends the Magistrate Judge "confused arguments," arguing that "Congress did not authorize a crime called 'Attempt to possess and possession' at the same time." His objection is without merit.

First, as the Magistrate Judge correctly determined, Ground Six is procedurally defaulted because Thomas failed to raise this claim on direct appeal. Generally, a defendant who fails to preserve a claim by objecting at trial and raising it on direct appeal is procedurally barred from raising the claim in a § 2255 motion, absent a showing of either cause and prejudice or actual innocence. *See Massaro*, 538 U.S. 500; *Rivers v. United States*, 476 F. App'x 848, 849 (11th Cir. 2012). Thomas does not demonstrate cause and prejudice for his procedural default. And he cannot satisfy the actual innocence exception to the procedural bar, considering the facts presented at trial, as affirmed by the Eleventh Circuit. To the extent his assertions can be construed as alleging ineffective assistance of counsel as cause for his procedural default (cv Dkt. 42-1 at 22), he has not shown that counsel's performance was deficient or that he suffered resulting prejudice. Counsel cannot be ineffective in failing to raise issues which have no merit. *See Freeman*, 536 F.3d at 1233 ("A lawyer cannot be deficient for failing to raise a meritless claim."). Accordingly, the Magistrate Judge properly determined that Ground Six is procedurally barred. In any event, the claim lacks merit, since an attempt to commit an offense is included in the completed offense. *See United States v. York*, 578 F.2d 1036, 1040 (5th Cir, 1978). And an attempt is properly charged as an offense, independent of and together with the completed offense. This misguided claim lacks merit.

***Ground Seven***

In Ground Seven, Thomas contends that counsel was ineffective in failing to object to the jury instruction on 18 U.S.C. § 1958. (cv Dkt. 42-1 at 23-25). The United States correctly responds that the jury instructions "properly tracked the elements of the offense and the indictment, and therefore, "defense counsel was not ineffective for failing to [object]." (cv Dkt. 46 at 30).

The Magistrate Judge determined that Thomas is not entitled to relief based on counsel's failure to object to the § 1958 instruction. (cv Dkt. 56 at 8). Specifically, the Magistrate Judge found that "the Court's instruction as to Count One properly tracked the elements of 18 U.S.C. § 1958 and the indictment and advise the jury that '[m]urder in violation of Florida Statute Section 782.04 is a crime under the laws of the State of Florida" and that "a finding that the petitioner committed murder under Florida Statutes 782.04 is not required by 18 U.S.C. § 1958." (Id.). As a result, the Magistrate Judge found that "Thomas has not shown a reasonable probability that had the jury instruction included a definition for murder under Florida Statutes 782.04, the jury would have found that he did not intend for a murder to be committed." (Id. at 9). Thomas does not expressly object to this conclusion. After review, I find no clear error. As the United States correctly notes, the § 1958 instruction, read as a whole, tracks the indictment. And it correctly instructed the jury on the elements of that offense. Counsel was not ineffective in failing to raise a meritless issue. *See Freeman*, 536 F.3d at 1233.

***Ground Eight***

In Ground Eight, Thomas contends that "the government lacks subject-matter-jurisdiction to convict and indict [him] for a violation of 18 U.S.C. § 924(c)(1)(A) [] without proof that the firearm was available to provide protection to [him] in connection with his engagement in drug

11

trafficking." (cv Dkt. 42-1 at 26). In his objections, he contends that the gun had nothing to do with the drugs. The United States correctly responds that Thomas' contention that "there was no evidence establishing a nexus between the firearm and the drug trafficking crime" is a "sufficiency of the evidence argument." (cv Dkt. 46 at 30). And since he challenged the sufficiency of the evidence on appeal, the United States contends that Ground Eight is precluded by prior resolution. (Id.). The United States further contends that this claim is procedurally defaulted. (Id.). The Magistrate Judge determined that Ground Eight is procedurally barred, to the extent that a specific connection between the gun and drugs was not challenged on direct appeal. (cv Dkt. 56 at __).

I find and conclude that Thomas' claim is procedurally defaulted because he did not raise his nexus contention on appeal. *See Massaro*, 538 U.S. 500; *Rivers*, 476 F. App'x at 849. And, to the extent he challenges the sufficiency of the evidence, that claim is not cognizable in this § 2255 proceeding. *See Lynn v. United States,* 365 F.3d 1225, 1234-35 (11th Cir. 2004). His objection is therefore overruled.

**Ground Nine**

In Ground Nine, Thomas contends that counsel was ineffective in failing "to assert the prevailing defense (supported by the facts) that petitioner did not attempt to possess cocaine with intent to distribute, in the preliminary stages of the judicial proceedings, and also on direct appeal." (cv Dkt. 42-1 at 28). In response, the United States contends that, like his claim in Ground Two, this argument fails because he cannot show he was prejudiced by counsel's failure to raise the defense. (cv Dkt. 46 at 12, 31). The United States further asserts that "[d]espite his counsel's vigorous arguments that Thomas was not guilty, the jury, Court, and Eleventh Circuit have all effectively rejected this assertion in various guises. Thomas fails to offer any new fact that has not

been previously considered and rejected." (Id. at 31).

The Magistrate Judge agreed, noting that the Eleventh Circuit found that the facts at trial demonstrate that Thomas constructively possessed the contraband, and therefore "Thomas cannot now show that he was prejudiced by his counsel's failure to seek a special "mere inspection" instruction. (cv Dkt. 56 at 10-11 (citing *Thomas*, 553 F. App'x at 946)). And to the extent Thomas argues that "counsel did not even attempt to have the jury properly instructed on the meaning of attempt to possess" and that he was actually innocent of attempt to possess (cv Dkt. 42-1 at 30), those contentions are without merit. The jury was properly instructed on possession and attempt in accordance with the Eleventh Circuit's Pattern Instructions in Criminal Cases (cr Dkt. 103 at p. 18). Regardless, Thomas was convicted of possession, not attempted possession of the cocaine as charged in Count Two. Considering the evidence at trial showing his constructive possession of the contraband, even if counsel should have requested a more detailed instruction on attempt as it relates to possession, he cannot demonstrate that he was prejudiced by counsel's failure. This claim is without merit and Thomas' objections are overruled.

***Ground Ten***

In Ground Ten, Thomas contends that he is actually innocent of the murder-for-hire charge in Count One. (cv Dkt. 42-1 at 31). He asserts that "the government never proved that [he] was predisposed to commit murder-for-hire, to overcome [his] entrapment defense." (Id.). The United States counters that this claim "is precluded by prior resolution" (Id. at 31-32 (citing *Thomas*, 553 F. App'x at 945), and that "Thomas presents no new evidence to support an actual innocence claim." (Id. at 32). The Magistrate Judge agreed, finding that the Eleventh Circuit addressed this issue on direct appeal, and moreover, that Thomas presents no new evidence to support his actual

13

innocence claim. (cv Dkt. 56 at 21). The Magistrate Judge did not err. Thomas' objections are overruled.

This claim was presented to and rejected by the Eleventh Circuit. *See Thomas*, 553 F. App'x at 945 ("Thomas argues the government failed to prove he possessed the requisite criminal intent to execute the murder-for-hire scheme. Although the jury rejected his entrapment defense, he also asserts the evidence was insufficient for a reasonable jury to conclude that he was predisposed to commit murder-for-hire."). And as the Magistrate Judge correctly notes, in rejecting this contention, the Eleventh Circuit found that "[t]he district court did not err in denying Thomas's motion for a judgment of acquittal on the murder-for-hire charge, because sufficient evidence demonstrated Thomas's intent to commit murder-for-hire," and that "the government also presented sufficient evidence to counter Thomas's entrapment defense." *Id.*; (cv Dkt. 56 at 20-22). And the United States is correct that Thomas does not present any new evidence to support an actual innocence claim. This claim is precluded by prior resolution. And finally, to the extent Thomas contends his counsel was ineffective in failing to "articulate his argument" (cv Dkt. 42-1 at 38), this claim is without merit as counsel cannot be ineffective for failing to raise issues which have no merit. *See Freeman*, 536 F.3d at 1233.

**Ground Eleven**

In Ground Eleven, Thomas contends that "in light of *Shular v. United States* . . . [his] Florida state drug priors do not qualify as serious drug crimes, because the Florida state statute 893.13 lacks the mens rea requirement therefore making it unconstitutional and invalid for enhancement purposes." (cv Dkt. 42-1 at 39). In response, the United States contends that "Thomas can receive no remedy from *Shular*." (cv Dkt. 46 at 33).

14

The Magistrate Judge determined that Thomas' reliance on *Shular* is both misguided and contrary to *United States v. Smith*, 775 F.3 1262 (11th Cir. 2014). (cv Dkt. 56 at 22). As a result, the Magistrate Judge found that "[f]ollowing *Smith*, Thomas' Florida convictions for violations of Florida Statutes § 893.13 are qualifying predicate offenses, and the district court did not err in sentencing Thomas under the enhancement." (Id.). Thomas' objections to this conclusion are overruled. *Smith* remains binding precedent in this Circuit. *See United States v. Cius*, 831 F. App'x 465, 467 (11th Cir. 2020) (discussing *Shular* and finding that "[b]ecause *Smith* remains binding precedent, Cius's four Florida convictions for the sale of cocaine in violation of Fla. Stat. § 893.13 are qualifying predicate convictions and the district court did not err in sentencing Cius under the career offender enhancement").

***Ground Twelve***

In Ground Twelve, Thomas contends that "[t]he government lacked subject-matter-jurisdiction to enhance petitioner pursuant to § 851 without Proper notice." (cv Dkt. 42-1 at 40). In response, the United States contends that this claim is procedurally defaulted, and in any event, without merit as "the § 851 notice was filed on November 28, 2011, 8 months before the start of the trial." (cv Dkt. 46 at 33). This claim is procedurally defaulted. In any event, it has no merit. The Magistrate Judge found that Ground Twelve is "[f]actually flawed" as the docket sheet reflects that the United States filed an § 851 notice on November 28, 2011. Thomas' objections to this finding are overruled. On November 28, 2011, the United States filed its 28 U.S.C. § 851 notice, well before trial, thereby providing notice. (cr Dkt. 5); (cr Dkt. 124 at 28-29).

15

*Certificate of Appealability ("COA")*

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right," which requires him to demonstrate "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); 28 U.S.C. § 2253(c)(2). Thomas cannot meet this standard. Accordingly, a COA is denied. And because he is not entitled to a COA, he cannot appeal *in forma pauperis*.

## CONCLUSION

The Report and Recommendation (cv Dkt. 56) is **ADOPTED** and **APPROVED**. Thomas' second amended § 2255 motion is **DENIED** (cv Dkt. 42). All pending motions are **DENIED** as moot. The Clerk is directed to enter judgment in favor of the United States and against Thomas and **CLOSE** the case.

**DONE AND ORDERED** this 28th day of September, 2021.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Petitioner; Counsel of Record